R. H. ELLIOTT ET AL. *v.* W. A. LEE ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—692.]

**Capacity to Make a Will.**

Where a testator, in 1873, having a sound mind, makes a will giving his whole estate to his only son for life and remainder to his grandchildren, and afterwards, when suffering from paralysis, unable to speak and shown to be of unsound mind, executed another will giving to his only son the whole of his estate, and the son tries to have the will of 1873 probated and defends against the probate of the will afterwards made, which is sought to be probated by persons having no direct interest in the estate, the later will should be rejected and the former one probated.

### APPEAL FROM OWEN CIRCUIT COURT.

March 23, 1882.

OPINION BY JUDGE LEWIS:

By the will executed by W. H. Elliott, May 3, 1873, the whole of his estate was devised to his only son, R. H. Elliott, for life, remainder in fee to his children, and this appears to have been the often expressed and fixed purpose of the testator. Moreover, the reasons assigned by him for such disposition are consistent and entirely proper.

By the will executed January 17, 1878, the whole of the estate of the testator was devised to his son absolutely. The last will was executed after the testator was to a considerable extent paralyzed, and when, as appellants contend, he was not a person of sound mind. Both the witnesses to the will testify that by reason of paralysis he was not of sound mind at the time the will was executed and they are corroborated by four or five other persons, near neighbors of the testator, who testify not merely to the unsoundness of his mind, but to a decided change in his habits and behavior from a cleanly and decent person to one slovenly and filthy and seemingly not knowing what he was about.

At the time the will was written the power of speech on account of paralysis was greatly impaired, so much so that the person who wrote the will, Oliver Hughes, states that he is not certain he correctly understood the directions given to him

by, the testator as to the disposition of his property, but had to rely upon the testator's son to interpret him.

In the opinion delivered by the judge of the court to which the law and facts were submitted, a jury being waived, it is stated by the judge that but for the testimony of Oliver Hughes and Geo. W. Grass he should without hesitation have held that the testator was not of sound mind at the time of the execution of the last will.

The testimony of Hughes has been referred to. As to Grass, who, though as stated by the judge rendering the opinion, as a man of integrity, occupies an attitude that necessarily greatly lessens the weight of his testimony, for it is shown that he has a pecuniary interest in establishing the last will. The propounders of the will made in 1873 are Robt. H. Elliott and his children. The persons appealing from the judgment of the county court admitting to probate that will, and rejecting the one made in 1873, are J. H. Lee and W. A. Lee, appellees in this cause. What connection with or interest in the estate of W. H. Elliott, deceased, J. H. Lee and W. A. Lee have, does not appear from the record. As the record stands the only person who has any interest as devisee in the will made in 1875 is Robt. H. Elliott, and he and his children appeared in the county court to propound the will made in 1873, appeared in the circuit court, and appear here as appellants to have the will of 1873 probated and the one made in 1875 rejected.

As it is not shown that the propounders of the will of 1875 have any interest whatever, and Robt. H. Elliott, the only devisee of that will, insists upon the affirmance of the order of the county court rejecting it, and probating the one made in 1873, we are of the opinion that the court below erred in reversing the judgment of the county court.

We do not decide, because now not necessary, whether the judgment of the court is palpably against the evidence or not. But for the reason indicated the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

Thos. D. Theobald, J. D. Lillard, Jas. A. Duncan, for appellants.
Geo. C. Drane, for appellees.